CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 17 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

Evelyn L. Middleton,
   Pro Se,
   Plaintiff,

v.

Case No: 6:12CV00041

United States of America,

   Defendant.

## Complaint

Plaintiff, Evelyn L. Middleton is a resident of James City County, residing at 617 Chesdale Court, Williamsburg, Virginia 23188. Plaintiff is filing this action against Defendant, United States of America under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346 (b) (1).

Defendant, United States of America was negligent while communicating her rights to her under Employee Retirement Income Security Act (ERISA), purposely withholding public records that plaintiff requested under the Freedom of Information Act (FOIA) that were in its possession at the time the requests were made and violating her privacy.

Defendant, Unites States of America was also negligent when it committed misconduct during a proceeding in Evelyn L Middleton v. United States of America, Action No: 4:10cv88, filed by plaintiff in the United States District Court, Eastern District of Virginia, Newport News Division.

## History

1. Plaintiff, Evelyn L. Middleton filed complaints of breach of fiduciary duties

against her former employer, 403 (b) plan advisor, and various other service providers to the Plan with the United States Department of Labor (DOL). Plaintiff complaints were handled by EBSA.

1. In August 2002, Plaintiff received a telephone call from Mr. John Miller, a supervisor for EBSA. Mr. Miller advised plaintiff that she had a new benefit advisor by the name of Jane Smith. He stated that plaintiff's former benefit advisor Matthew Vance was now in private practice. Mr. Miller also stated that he had just discussed my case with Mr. Vance the prior night. This is a clear violation of the Privacy Act.

2. On or around August 30, 2002 plaintiff, her husband, son and daughter-in-law met with Mr. Miller, a which time he states that Mr. Vance had left lines on his computer stating that he had discussed the law with me and how it applied. Plaintiff advised him that ~~that~~ never happened and I wanted a copy of that statement. Of course he couldn't give me a copy because my new benefit advisor Jane Smith was off today and she had the key to the files.

3. On or around 9/4/2002 plaintiff, Middleton received a telephone call from Mr. John Miller and Virginia Smith, Director of EBSA. Mr. Miller introduces her as Jane Smith, benefit advisor.

4. By letter dated September10, 2002 defendant, United States of America states, "Benevit Advisor Jane Smith spoke with you on September 4, 2002 regarding your concern with the handling of you 403 (b) account"

5. By letter dated April 25, 2003 defendant, United States of America states, " Since you also advised Ms. Jane Smith of this office that the error was a deliberate act designed to induce you to withdraw from the pension plan, our September 10, 2002 letter

2

also provided information on section 510 of the Employee Retirement Income Security Act (ERISA) which prohibits an individual or entity from firing, fining, suspending, Disciplining, or discriminating against a participant for exercising his or her rights under the plan or ERISA."

6. When plaintiff realized there was no benefit advisor by the name of Jane Smith she filed complaints of fraud and breach of fiduciary duties against DOL with the U.S. Department of Justice ( DOJ) and the Office of Inspector General for DOL.

7. By letter dated September 16, 2003 from DOJ, plaintiff was advised." the DOL Inspector General are continuing to conduct a review of your allegation of breach of Fiduciary duties and fraud by DOL officials in the processing of your ERISA benefits". After receiving this letter plaintiff called to speak with United States Attorney, Paul McNulty and was advised that he was in Washington DC and his office was not allowed to speak with plaintiff.

8. When plaintiff requested the results of the Office of Inspector General (OIG) investigation They released 5 pages and advised plaintiff that certain information had been excised from one enclosed document in its entirety. The records withheld were denied either in whole or in part were protected under 5 U.S.C. 552:
Exemption (b)(5) authorizes the withholding of opinions and recommendations contained In intra-agency and inter-agency documents which are deliberative, developed prior to the issuance of a final agency determination, or protected by the attorney-client privilege.

9. The office of Inspector General did conduct another search for records that were contained in the OIG hotline complaint file. They released 53 pages to plaintiff. Most were already in my procession. Thats how plaintiff actually got the records from the

3

Office of Program Services Division of Technical Assistance and Inquires. The data was as following:

- P79519 : Matthew (07/18/01) Called correspondent and left message.
- Matthew (07/26/01): I contacted the correspondent by telephone and we discussed her situation. The correspondent has my name and telephone number for additional questions.
- P7959595: Matthew (07/26/01) : This file was closed along with P79519.
- Control Id: 200288-14080 Notes: Saw her in pub dis room with husband and 2 children. She wanted to know what has happened in her case. Told her Jane is handling this but is out. Told her Matthew Vance closed out letters by phone. Appears Jane has closed out recent letters by nan. Told her Jane or I will call her on tues or wed---9/3 or 4. She wants an "investigation" into fraudulent letter 1/9/01 letter from American General. Aso says Dreyfus, who is "libeled" in 1/9 letter has also committed fraud. Says she was terminated and withdrew her benefits from the 403 (b) PLAN. Wants to visit Jane soon. Told we will be preparing a letter to her.
Jane: As I mentioned a few days ago, we owe her a letter and explanation of what has been happening with her letters. Call her on 9/3. signed Jane.
- Department of Labor, Executive Secretariat, Correspondence Control Record Correspondence ID: 351597 Due Date : 4/11/2003, CD attached.
Info Copies to: ADW; ALJ; ASP; SOL
- Ex. Sec. 6/6/03 E CO# 351597 should be closed as of 4/25/03. We do not have Blue Border. Copy of 4/25/03 response and incoming attached. Signed John Miller 693 B652 EBSA.
- Conrol Id : 200388-03354 Dated 03/31/2003 Notes: To OPAC 3/31/03 (MSK) 4/3/03 @ 3:45 PM: LFT MSG w/Lisa @ AIG/VALIC. PHN# (888) 568-2542.

- Memorandum for Virginia Smith Director, Office of Enforcement Employee Benefits Security Administration, From Gwen M. Stroud Complaint Analysis Officer. Control No: 20038?-11557.

10. By letter dated October 22, 2003 plaintiff, Middleton filed a complaint with the Securities And Exchange Commission (SEC) against VALIC Retirement Company ("VRSCO"), a subsidiary of American General Retirement Services Company. In November of 2003, plaintiff watched Stephen Cutler, Direct of the SEC's Enforce Division testify before Congress. Mr.Cutler had a list of significant complaints that his office was currently handling. My complaint of Financial Statement Fraud was at the top of his list. Mr. Cutler Stated it was their first complaint of it's kind. When his

4

testimony was re ran again on C-SPAN plaintiff recorded it.

Plaintiff sent a follow up letter directly to Mr. Stephen Cutler dated November 19, 2003. Plaintiff received a letter dated February 12, 2003 advising her that the issues in the complaint do not appear to fall within this agency's jurisdiction, and that this matter could best be handled by the Employee Benefits Security Administration (the"EBSA") of the Department of Labor.

Plaintiff filed a Federal Tort Claim in 2004 against Federal Employees for violating Statutes while corresponding with her through written and telephone communications. This complaint was file with the Solicitor of Labor who forwarded it to Claims and Compensation. Plaintiff did not receive a denial until May 19, 2011. Plaintiff filed a Suit in the 9th Circuit Court of Virginia against all the federal employees involved in her TORT Claim. A judgment has not been handed down in Action no.Cl11001375-00.

11. Plaintiff, Middleton discovered the following records that EBSA would not and/ or could not release to her:

- Department of Labor settled plaintiff's complaint by initiating Class Exemption for the release of Claims and Extensions of Credit in Connection With Litigation [Prohibited Transaction Exemption 2003- 39; Application no. D11100]. Federal Regist75632, December 31, 2003. Effective date January 1, 1975. Expire on April 30, 2006.
- Supplementary information: On February 11, 2003, the Department published a notice in the Federal Register (68 FR 6953) of Pendency of the proposed class exemption. The notice of pendency gave interested persons an opportunity to comment or request a public hearing on the proposal. The Department received five (5) public comments.
- By letter dated February 1, 2006 Plaintiff, Middleton received a response from her Freedom of Information Act (FOIA) request dated January 26, 2006, requesting copies of records regarding American International Group (AIG). This request was made to the U.S. Department of Labor, Employee Benefits Security Administration located in Ft. Wright Executive Building 1, Ft. Wright Kentucky. "The information that you have requested is contained in an investigatory file compiled for law enforcement purposes. The FOIA contains An exemption which applies to the withholding, in whole or part of requested

5

> information. There will be no charge for the duplication of documents. In light of the above, we have withheld in whole or in part 3 pages of information pursuant to Exemption 2 which relates solely to the internal personnel rules and practices of an agency, and which allows for withholding of substantial internal matters, the disclosure of which would risk circumvention of the law.
>
> You are advised that the undersigned is the designated custodian of these files and is the individual responsible for response to your request. It should be addressed to the Solicitor of Labor, 200 Constitution Ave, N.W. Room N-2428, Washington, D.C. 20210.

Defendant, United States of America went to great pains to hide those records. Plaintiff is sure that other records she request under FOIA have been similarly transferred to prevent plaintiff from having access to them.

Plaintiff is equally sure that the Class Exemption for the Release of Claims and Extensions of Credit in Connection With Litigation was implemented by Defendant for the benefit of American General and Centra Health. In the December 31, 2003 release defendant states that " In response to the comments that ERISAcivil actions for breach of fiduciary duty may only be brought by participants, beneficiaries, fiduciaries, and the Secretary of Labor, the Department has modified the final class to include the release of claims by both the plan and a plan fiduciary"

12. Defendant, United States was negligent when it did not recues its self during plaintiff's Action No: 4:10cv88 . Plaintiff, Evelyn L. Middleton v. United States of America & Department of Treasury. Plaintiff felt Defendant, United States of America was bias in its August 2, 2010 ORDER TO SHOW CAUSE. While the request itself was valid the defendants presentation was bias. Defendant states " Plaintiff has obtained Summons to serve the United States Attorney, the United States Attorney General, and the Office of Inspector General, Department of Treasury. If Defendants are served,

Defendants are hereby GRANTED an extension of time to respond to the Complaint. The Court, will set deadlines for responsive pleadings after Plaintiff responds to this Order to Show Cause. Plaintiff, Middleton filed her SHOW CAUSE on August 6, 2010, at which time she included a copy of EBSA NEWS dated Dec. 31, 2003 announcing, " The U.S. Department Of Labor's Employee Benefits Security Administration (EBSA) today published a class exemption to facilitate the settlement of litigation between employee benefit plans and related parties". The final Exemption was published in the Dec.31, 2003 Federal Register.

Defendant, United States of America then files a Dismissal Order dated Aug. 19, 2010. In the Dismissal order dated Aug. 19, 2010 the defendant states " Because neither the Complaint nor the attachments to the Complaint contained any facts indicating that any litigation was ever filed in any court relating to the issue about which she complains such that the cited statue could afford Plaintiff any relief, the Court issued on June 29, 2010, an Order to Show Cause why this action should not be dismissed." There was never a June 29, 2010 Order to Show Cause.

In plaintiff's Show Cause filed on August 6, 2010, she included the following:

- From DOL Enforcement Manual copies of Settlement Agreement, Sample Voluntary Compliance Notice Letter, Sample Closing Letter-Corrective Action Taken and Sample 502 (1) Civil penalty Assessment Letter.
- May 29, 2007>DOL EBSA> Programs & Initiatives> ERISA Enforcement.
- Copies of Plaintiff's October 22, 2003 complaint to the SEC, and SEC's Letter to Plaintiff dated February 12, 2004. Plaintiff did not include a copy of Mr. Culter's testimony before Congress.
- A copy of fourth quarter 2003 VIEWPoints from AIG VALIC entitled New Frequent Trading Policies. It states, "We will permit up to 15 transfers among Investment options per calendar year".

On or around 8/22/2010 Plaintiff, Middleton contacted the clerk's office of the U.S. Court of Appeals, for the Fourth Circuit, Richmond, Virginia. Plaintiff was advised

to file her intent to appeal defendants ruling with the U.S. District Court, Eastern District of Virginia, Newport News Division. Plaintiff filed her intent to appeal on or around 8/23/2010. Plaintiff also filed an application to proceed in forma pauperis (IFP) with the the U.S. District Court, Eastern District. On or around 8/26/ 2010 Plaintiff filed a motion with the Court requesting that Defendant recues himself from my case. Defendant, United States of America denied Plaintiff request to proceed IFP the same day it was asked to recues its self.

On August 30, 2010, Plaintiff, Evelyn L. Middleton filed a Complaint of Judicial Misconduct against Defendant, United States of America. Plaintiff filed her Appeal on/ or around September 1, 2010.

13. By letter filed September 14, 2010 from the United States Court of Appeals For the Fourth Circuit, Plaintiff Middleton was advised as following:

> MISROUTED IFP APPLICATION TRANSMITTED TO DISTRICT COURT: NO. 10-1978, Evelyn Middleton v. US : 4:10-cv000088- JBF-FBS.
> Appellant's application to proceed in forma pauperis was received in the Court of Appeals and is forwarded to the District Court for ruling pursuant to Rule 24 of the Federal Rules of Appelate Procedure. The District Court shall Notify this Court upon disposition of the motion in accordance with Rule 24.

Defendant had already ruled by the time Plaintiff received this letter. Something is very wrong here.

14. By Order Filed Mar. 23, 2011, Defendant, United States Of America Rules on two Motion as following:

> Plaintiff Middleton filed this pro se action, which this Court dismissed by Dismissal Order file August 19, 2010. Plaintiff appealed to the Court of Appeals for the Fourth Circuit on August 23, 2010. The Fourth Circuit Dismissed the appeal and affirmed this Court by Order dated January 25, 2011.
> Subsequent to Plaintiff's appeal, she filed two motions in this Court, a

Motion to Expedite Appeal and a Motion for Recusal. Both of these motions are now MOOT, and the Clerk is DIRECTED to close this case. The Clerk is DIRECTED to Send a copy of this Order to Plaintiff. IT IS SO ORDERED". This order was Sign by Defendant with its name and new title, SENIOR UNITED STATES DISTRICT JUDGE. Defendant appears to just disregard Plaintiff request for its recusal and her Judicial Complaint No. 04-10-90099. Plaintiff feels that Defendant, United States of America was psycholoically harassing her. Plaintiff, was overwhelmed and became unable to work. Plaintiff was terminated and is not sure but don't think she worked more than 16 hrs after this.

15. Plaintiff had already filed a TorT Claim with the U.S. Department of Justice (DOJ). By Letter dated September 27, 2010, from Civil Division, Torts Branch, Plaintiff was advised that her letter dated September 7, 2010 was received and she would be contacted if further information was needed. Plaintiff has never received a denial.

16. Federal law requires the automatic disqualification of a Federal judge under Certain circumstances.

Courts have held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. Liljeberg v. Health Services Acquisition Corp. 486 U.S. 847, 108 S. Ct. 2194 (1988) ( what matters is not the reality of bias or prejudice but its appearance).

Further, the judge has a legal duty to disqualify himself even if there is no Motion asking for his disqualification. Should a Judge not disqualify himself as required by law, then the judge has given an example of his "appearance of partiality" which, possibly, further disqualifies the judge. None of the orders issued by any judge who has

9

been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

Plaintiff, Evelyn L. Middleton was a non-represented litigant, and should the court not follow the law as to non-represented litigants, the judge has expressed an "appearance of partiality" and under the law, it would seem that he/she has disqualified him/herself.

Should a judge not disqualify himself, then the judge is in violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7TH Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on Section 144, but on the Due Process Clause").

Should a judge issues any order after he has been disqualified by law, and if the Party has been denied of any of his/ her property, then the judge may have been engaged in the Federal Crime of "interference with interstate commerce". The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said the this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge). However some judges may not follow the law.

17. The code of conduct for United States Judges require that they maintain and enforce high standards of conduct, so the integrity of the judiciary may be preserved. Defendant, United States of America did not acted honorable in the matter before it.

THEREFORE, Plaintiff is requesting:

1. $195,866,037.00 in damages or all monies collected by Defendant, United States of America resulting from her complaints filed with EBSA.
   which ever is greater

10

2. All records not currently in Plaintiff's possession resulting from her complaints filed with EBSA, DOJ, SEC, and any other division not named that Defendant United States of America would have jurisdiction over.

3. The Court grant petitioner such other and further relief as may be deemed Just and proper.

Respectfully Submitted.

Evelyn L. Middleton
      Pro se,

*Evelyn J Middleton*

617 Chesdale Court
Williamsburg, Virginia 23188
(757) 784-5501