# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

EVELYN L. MIDDLETON,

*Plaintiff,*

v.

UNITED STATES OF AMERICA,

*Defendant.*

CASE NO. 6:12-cv-00041

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure filed by the United States of America ("Defendant"). In its motion, Defendant contends that Evelyn Middleton's ("Plaintiff") claims are barred by sovereign and judicial immunity, and that Plaintiff has failed to state a claim upon which relief can be granted. After reviewing Plaintiff's pro se complaint and considering the parties' filings, I find that this Court lacks subject matter jurisdiction to hear this case, and that Plaintiff has failed to state a claim. Accordingly, a hearing on Defendant's motion is unnecessary.[1] For the following reasons, I will grant Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff's August 17, 2012 Complaint is her second filed in this Court in the last six months, and her tenth lawsuit total regarding a dispute over her retirement account with a former private employer, and Federal agency decisions in the aftermath of that dispute. While

---

[1] "In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing." W.D. Va. Civ. R. 11(b).

1

Plaintiff's previous suit in this Court alleged a violation of 28 U.S.C. § 2042, Plaintiff brings her present action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).

Plaintiff's Complaint omits many of the background facts she previously pled in this Court, including details regarding her former employment and the withdrawal of monies from her 403(b) retirement savings account. She does, however, reference the past complaints she has made against her "former employer, 403(b) plan advisor, and various other service providers to the Plan with the United States Department of Labor (DOL)." In her present action, Plaintiff alleges that the United States was negligent while communicating her rights under the Employee Retirement Income Security Act (ERISA), and withholding records Plaintiff requested under the Freedom of Information Act (FOIA). Plaintiff also alleges that the United States was negligent in "violating her privacy" based on alleged communications between her former benefits advisor and a supervisor at the Employee Benefits Security Administration (EBSA). Lastly, Plaintiff alleges that the United States was negligent in its ruling in *Middleton v. United States and Dep't of Treasury*, No. 4:10cv88 (E.D. Va. Aug. 19, 2010).

Plaintiff's Complaint is difficult to follow, and lacks specificity as to which pleadings are meant to refer to her present cause of action, versus which are accounts of prior complaints that have been resolved or were never filed. Plaintiff begins the chronology of her present Complaint in August 2002, with communications regarding the handling of her 403(b) account with Mr. John Miller, a supervisor at EBSA. Plaintiff's Complaint states that she received a letter soon afterwards, in September 2002, containing information about her rights and protections under ERISA. Though Plaintiff does not state so explicitly, this September 2002 letter is the presumed basis for her claim that the United States was negligent "while communicating her rights under ERISA." Plaintiff eventually filed complaints of fraud and breach of fiduciary duties against

2

DOL with the Department of Justice (DOJ) and the Office of Inspector General (OIG), from which her second negligence claim appears to stem, given her allegation that the United States "purposefully withh[eld] public records that plaintiff requested under the Freedom of Information Act (FOIA) . . . ."[2]

Plaintiff also brings a negligence claim ("for violating her privacy") based on the aforementioned 2002 communications allegedly between her former benefits advisor and Mr. Miller. Plaintiff's final negligence claim arises from the government's alleged misconduct during *Middleton v. United States*, No. 4:10cv88, which at the time was her fourth case filed in the Eastern District of Virginia. That case was dismissed sua sponte for failing to establish any plausible claim of entitlement, and the Fourth Circuit affirmed. *See Middleton v. United States and Dep't of Treasury*, 408 F. App'x 688, 2011 WL 219842 (4th Cir. 2011). Plaintiff does not identify any specific instance of misconduct in her present Complaint, or generally how the Defendant's conduct in that case connects to her theory of negligence.

On October 22, 2012, the United States filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and requested that this Court impose the same pre-filing review order Plaintiff faces in the Eastern District of Virginia. Plaintiff filed a motion to continue on October 31, 2012, reiterating the allegations contained in her Complaint but containing no specific grounds for a continuance.[3] Plaintiff's motion is construed here as a response brief in opposition to Defendant's motion to dismiss. Defendant filed a reply on November 6, 2012.

---

[2] Plaintiff acknowledges that she received notice from OIG that certain documents she requested were withheld pursuant to 5 U.S.C. § 552(b)(5), which exempts agencies from disclosing to the public any "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

[3] Plaintiff's additional argument that the "United States of America was not performing discretionary functions" during its course of dealing with the Plaintiff is not responsive to any of the arguments submitted by the Defendant in support of its motion to dismiss.

3

## II.  LEGAL STANDARD

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In particular, a pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation omitted).

## III.  DISCUSSION

Plaintiff's claims are barred by sovereign and judicial immunity. The doctrine of sovereign immunity provides that the United States may only be sued where its immunity has been explicitly waived. *Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009) ("Absent a statutory waiver, sovereign immunity shields the United States from a civil tort suit."). The FTCA contains a limited waiver of sovereign immunity, such that the United States shall be liable for the negligent or wrongful acts of its employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28

4

U.S.C. § 1346(b)(1); *Kerns*, 585 F.3d at 194 ("An action under the FTCA may only be maintained if the Government would be liable as an individual under the law of the state where the negligent act occurred."). Thus, in this present action, Plaintiff would need to allege that a private person would be liable under Virginia law based on the circumstances presented in her Complaint.

Plaintiff does not specify the duties that were allegedly breached during the course of her dealings with Federal employees and agencies. In any case, there is no Virginia law that could hold the private analogue of EBSA employees liable for the investigation of ERISA complaints or the enforcement of that statute, or find liability based on the Department of Labor's decisions regarding the release of certain records. The same is true in regards to FOIA complaints and enforcement. Given that the United States has not waived immunity in this case, Plaintiff's negligence claims arising from the alleged breach of undisclosed duties imposed by ERISA and FOIA must be dismissed for lack of subject matter jurisdiction.[4]

Plaintiff's allegations surrounding the Eastern District of Virginia's order in *Middleton v. United States and Dep't of Treasury*, No. 4:10cv88 (E.D. Va. Aug. 19, 2010) are barred by judicial immunity. Though that order was affirmed by the Fourth Circuit, *see Middleton v. United States and Dep't of Treasury*, 408 F. App'x 688, 2011 WL 219842 (4th Cir. 2011), Plaintiff vaguely states that the court did not "follow the law as to non-represented litigants" and was negligent by not recusing itself from proceedings. The court's legal rulings in that case were

---

[4] Furthermore, the limited waiver of sovereign immunity that Congress permits under the FTCA "is conditioned upon the prompt presentation of tort claims against the government." *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990). The FTCA's statute of limitations provides that a tort claim against the United Sates "shall be forever barred . . . unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b). Failure to file a complaint within the limitations period warrants dismissal of the suit. *See Gould*, 905 F.2d at 742. Aside from her allegation arising from the Eastern District of Virginia's 2010 order, Plaintiff's Complaint appears to be based largely on requests made to federal agencies between 2002 and 2003. Though the point is not addressed by Defendant, this Court could dismiss Plaintiff's claims pertaining to her prior administrative complaints on this ground as well.

judicial acts, and the rule that judges are immune from suit for civil damages for actions taken within their subject matter jurisdiction is well-established. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 357 (1978). Irrespective of the form of her pleadings or the insufficiency of her factual allegations, Plaintiff's claim against the Defendant arising from the Eastern District's August 19, 2010 order must be dismissed under the rule of judicial immunity.

Plaintiff's Complaint is also subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Pursuant to *Twombly* and *Iqbal,* a complaint will survive a motion to dismiss only if it contains, in addition to legal conclusions, factual allegations sufficient to "permit the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Iqbal,* 550 U .S. at 679. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to survive a motion to dismiss. *Id.* at 678.

In this case, Plaintiff fails to even state the elements of her cause of action. While Plaintiff alleges four theories of negligence under the FTCA, she fails to disclose which duties she was owed by the United States through her nearly decade-old inquiries, and why subsequent conduct by the Defendant amounted to breaches of those duties. For example, Plaintiff states that the "United States of America was negligent while communicating [Plaintiff's] rights under [the] Employee Retirement Income Security Act (ERISA)," yet doesn't disclose any further details on that claim. Similarly, Plaintiff simply states that Defendant negligently withheld public records, and concludes that the United States violated her privacy through communications that allegedly took place in 2002. Plaintiff adds in her motion to continue that "[t]here is a preponderance of evidence regarding the defendant's willful disregard for DOL's FIOA [sic] policies and procedures by withholding records that were in DOL's custody when

6

initially requested." However, there is no indication as to how these conclusory statements connect to Plaintiff's theory of negligence.

Lastly, Plaintiff's basis for its claim that the United States was negligent in *Middleton v. United States and Dep't of Treasury*, No. 4:10cv88, appears to be based solely on the outcome of that case, rather than any specific action by the presiding Judge. Again, Plaintiff fails to allege sufficient facts to form the basis of its legal conclusions, aside from stating that the United States—a reference to Judge Friedman—was negligent by failing to recuse itself from those proceedings. Plaintiff adds in her motion to continue, without any support, that "Defendant had ruled on issues after it had lost jurisdiction."

At bottom, even if there were additional factual allegations in her Complaint, courts "need not accept the legal conclusions drawn from the facts [alleged in a complaint], and [they] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation marks omitted). Plaintiff has failed to allege facts that establish a claim that is even remotely "plausible on its face." *Twombly*, 550 U.S. at 570. Even when liberally construing her pro se complaint, Plaintiff has failed to state a claim upon which relief can be granted, and dismissal of her complaint without prejudice is proper.

As outlined by Defendant in its brief supporting its motion to dismiss, this is the tenth lawsuit Plaintiff has filed arising out of a dispute over her retirement account with a private employer, or to complain about Federal agency decisions regarding that dispute. After dismissing seven previous suits brought by the Plaintiff, including six originally filed in its court, the Eastern District of Virginia subjected Plaintiff to pre-filing review in December 2011. Now, this is the second suit Plaintiff has brought in the Western District of Virginia in the last six

months, apparently as an attempt to circumvent the Eastern District's order. As I stated in my August 2, 2012 order dismissing Plaintiff's previous complaint, I am troubled by Plaintiff's persistence in asserting claims without adequate factual or legal foundation. Again, while I decline to grant the government's request to impose the same pre-filing review that was clearly warranted in the Eastern District at this time, I strongly caution Plaintiff that this is an impending possibility should she file continue to file suits that mirror her latest two actions in this Court.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss shall be granted, and Plaintiff's case shall be struck from the Court's active docket.[5] An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to Plaintiff and all counsel of record.

Entered this ___7th___ day of November, 2012.

Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5] On October 31, 2012, Plaintiff filed a motion to continue, the grounds for which were largely restatements of the allegations contained in her Complaint. Plaintiff's motion was construed as a response brief in opposition to Defendant's motion to dismiss for the purposes of this opinion. In light of my decision to grant Defendant's motion to dismiss, Plaintiff's motion to continue shall be denied as moot.

8